1

2

3

4

5

6

7
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9
SCOTT'S TRUCKING LLC,

10
                  Plaintiff,

11
    V.

12
NAVISTAR, INC.,

13
                  Defendant.

CASE NO.  C20-1841-RSM

ORDER GRANTING DEFENDANT
NAVISTAR'S MOTION TO DISMISS

14

15

16
## I.      INTRODUCTION

      This matter comes before the Court on Defendant Navistar, Inc. ("Navistar")'s Motion to

17
Dismiss.  Dkt. #50.  Plaintiff has filed a response opposing Navistar's Motion.  Dkt. #60.  The

18
Court finds oral argument unnecessary to resolve the relevant issues.  Having reviewed

19
Defendant's Motion, Plaintiff's Response, Defendant's Reply, and the remainder of the record, the

20
Court GRANTS Defendant Navistar's Motion to Dismiss.

21
## II.      BACKGROUND

      Plaintiff Scott's Trucking, LLC initiated this action against Navistar on August 18, 2016

22
in the U.S. District Court for the Northern District of Texas related to Plaintiff's purchase of seven

23
semi-trucks produced and manufactured by Navistar between September 2011 and August 2013.

24

1   Dkt. #1.  Plaintiff's complaint alleges breach of express and implied warranty, breach of contract,

2   fraud, and unconscionability.

3          On September 9, 2016, the U.S. Judicial Panel on Multidistrict Litigation ("the Panel")

4   issued a conditional transfer order of this action to the Honorable Joan B. Gottschall, U.S. District

5   Judge for the Northern District of Illinois, on the basis that Plaintiff's action appeared to involve

6   questions of fact common to twenty-three actions previously transferred to that court as part of a

7   multidistrict litigation ("MDL").  Dkt. #4.  On October 2, 2020, the Panel issued a conditional

8   remand order of this action back to the Northern District of Texas due to completion of pretrial

9   proceedings in the MDL.  Dkt. #21.  Since the 2016 initiation of the case in the Northern District

10  of Texas through the four years the case was pending in the Northern District of Illinois, Plaintiff

11  never requested a summons or attempted to serve Navistar.

12         On October 23, 2020, after the case was remanded back to the Northern District of Texas,

13  Navistar moved to dismiss Plaintiff's complaint for failure to serve, lack of jurisdiction, and failure

14  to state a claim.  Dkts. #26, #27.  Plaintiff responded by requesting (1) additional time to serve

15  Navistar under Rule 4(m); (2) leave to file a proposed amended complaint; and (3) an order

16  transferring this action to the U.S. District Court for the Western District of Washington.  Dkt.

17  #31.  On December 21, 2020, the Northern District of Texas district court concluded that it lacked

18  personal jurisdiction over Navistar and transferred the action to this Court pursuant to 28 U.S.C.

19  §1406(a).  Dkt. #35.  Although Navistar argued that dismissal was appropriate given that Plaintiff's

20  claims would be time-barred under Washington law, the Northern District of Texas district court

21  concluded that transfer was appropriate to allow the transferee court "to address in the first instance

22  Navistar's arguments in this respect (i.e., the request of Scott's for additional time to serve Navistar

23

24  ORDER GRANTING DEFENDANT NAVISTAR'S
    MOTION TO DISMISS - 2

1  and whether the claims of Scott's are barred by limitations), and whether Scott's has stated a claim

2  on which relief can be granted." *Id.* at 8.

3      On January 27, 2021, Navistar filed a renewed motion to dismiss Plaintiff's claims pursuant

4  to Rules 12(b)(5), 12(b)(6), and 4(m) on the basis that (1) Plaintiff's claims are time-barred; and

5  (2) Plaintiff failed to serve Navistar under Rule 4(m) without good cause for extension.  Dkt. #50.

6                    **III.    DISCUSSION**

7  **A. Legal Standards**

8      A motion for insufficient service of process may be brought under Rule 12(b)(5).  Fed. R.

9  Civ. P. 12(b)(5).  Rule 4(m) states, "[i]f a defendant is not served within 90 days after the complaint

10  is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action

11  without prejudice against that defendant or order that service be made within a specified time.  But

12  if the plaintiff shows good cause for the failure, the court must extend the time for service for an

13  appropriate period."  Fed. R. Civ. P. 4(m).

14      In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as

15  true and makes all inferences in the light most favorable to the non-moving party.  *Baker v.*

16  *Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).

17  However, the court is not required to accept as true a "legal conclusion couched as a factual

18  allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

19  U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter, accepted as true,

20  to state a claim to relief that is plausible on its face."  *Id.* at 678.  This requirement is met when

21  the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the

22  defendant is liable for the misconduct alleged."  *Id.*  The complaint need not include detailed

23  allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the

24

ORDER GRANTING DEFENDANT NAVISTAR'S
MOTION TO DISMISS - 3

1  elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Absent facial plausibility,

2  a plaintiff's claims must be dismissed.  *Id*. at 570.

3  **B.  Statute of Limitations Period**

4  In cases where jurisdiction is based on diversity, the applicable statute of limitations

5  period and whether it is tolled is governed by state law under *Erie v. Tompkins*, 304 U.S. 64

6  (1938).  *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 532 (1949).  Where a

7  case is transferred due to lack of personal jurisdiction, "since the law of the transferee forum

8  should govern whenever personal jurisdiction is lacking in the transferor court, the tolling rules

9  of the state in which the transferee court sits ought to control." *Transfer in the Federal Courts in*

10 *the Absence of Personal Jurisdiction*, 61 Colum. L. Rev. 902, 915 (1961).  Parties appear to agree

11 that Washington law governs the statute of limitations for Plaintiff's claims and the conditions

12 for tolling that limitations period.

13 Washington law applies a four-year statute of limitations to breach of contract for sale and

14 breach of warranty claims, and a three-year statute of limitations period to fraud claims.  *See*

15 RCW 62A.2-725;  RCW 4.16.080(4).   RCW 4.16.170 establishes when and under what

16 circumstances statutes of limitations are tolled under Washington law:

17         For the purpose of tolling any statute of limitations an action shall be deemed
        commenced when the complaint is filed or summons is served whichever occurs
18      first. If service has not been had on the defendant prior to the filing of the complaint,
        the plaintiff shall cause one or more of the defendants to be served personally, or
19      commence service by publication within ninety days from the date of filing the
        complaint. If the action is commenced by service on one or more of the defendants
20      or by publication, the plaintiff shall file the summons and complaint within ninety
        days from the date of service. *If following service, the complaint is not so filed, or*
21      *following filing, service is not so made, the action shall be deemed to not have been*
        *commenced for purposes of tolling the statute of limitations.*
22

23 RCW 4.16.170 (emphasis added).  Thus, in order to toll the limitations period under Washington

24 law, "two things must occur: (1) either the defendant is served with a summons or the complaint

ORDER GRANTING DEFENDANT NAVISTAR'S
MOTION TO DISMISS - 4

1  is filed, and (2) if the defendant is served first, the complaint must be filed within 90 days of

2  service or if the complaint is filed first, at least one defendant is served within 90 days from the

3  date on which the complaint was filed." *Ursal v. Amazon.com Inc.*, No. 19-CV-1701-BJR, 2020

4  WL 2733755, at *2 (W.D. Wash. May 26, 2020).

5      Accordingly, to toll the three-year and four-year limitations periods for its claims, Plaintiff

6  was required to serve Navistar within 90 days. *See O'Neil v. Farmers Ins. Co. of Wash.*, 125 P.3d

7  134, 137 (Wash. Ct. App. 2004) (citations omitted) ("Washington courts have repeatedly held

8  that the filing of a complaint does not constitute the commencement of an action for the purpose

9  of tolling the statute of limitations.  It is still necessary for the plaintiff to serve a defendant within

10  90 days of the date of filing in order for the commencement to be complete."); *McCarthy v.*

11  *Farwell*, 2012 WL 10390, *2 (W.D. Wash. January 3, 2012) ("Washington law specifically states

12  that if service is not made within ninety days of filing of the complaint, 'the action shall be deemed

13  to not have been commenced for purposes of tolling the statute of limitations.'") (quoting RCW

14  4.16.170).  Parties agree that Plaintiff filed this complaint on August 18, 2016.  Dkt. #1.  Parties

15  likewise agree that, to this day, Plaintiff has failed to serve Navistar.  *See* Dkt. #60 at 7 ("Navistar

16  is correct that, through the inadvertence of counsel, Plaintiff has not yet served Navistar with

17  process.").  However, Plaintiff contends that Navistar waived its failure to serve argument by

18  participating in the MDL without raising the service issue.  Alternatively, Plaintiff argues that the

19  Court should exercise its discretion to grant Plaintiff additional time to effect service.  The Court

20  will address each argument in turn.

21      i.    *Navistar's Waiver of Improper Service Defense*

22      Plaintiff relies on two Washington cases to support its proposition that Navistar waived

23  its limitations defense by participating in the MDL.  In *Blankenship v. Kaldor*, the Washington

24

ORDER GRANTING DEFENDANT NAVISTAR'S
MOTION TO DISMISS - 5

1    Court of Appeals concluded that a defendant that had actively participated in discovery had

2    waived the defense of inadequate service, given that it "had the necessary facts within its control

3    to make the critical assessment (regarding inadequate service) and failed to act earlier . . . ."). 114

4    Wn. App. 312, 318, 57 P.3d 295, 298–99 (2002).  The Washington Supreme Court reached a

5    similar conclusion in *Lybbert v. Grant Cnty*, where it determined that a defendant was precluded

6    from asserting the defense of insufficient service of process after it failed to plead the defense in

7    its answer or other responsive pleading before proceeding with discovery.  141 Wn.2d 29, 44–45

8    (2000).

9          Both cases are distinguishable from the instant case.  *Blankenship* and *Lybbert* addressed

10   instances where plaintiffs attempted—albeit unsuccessfully—to effect proper service on the

11   defendant.  In *Blankenship*, the plaintiff mistakenly served the defendant's father rather than the

12   defendant.  *See* 114 Wn. App. at 315.  Similarly, in *Lybbert*, the plaintiff served the administrative

13   assistant to the county commissioners as opposed to the county auditor.  *See* 141 Wn.2d at 32.

14   Here, Plaintiff's failure to serve is not based on a flaw in its efforts to serve defendants, but rather

15   a failure to request summons and attempt service altogether.  Plaintiff was therefore not dependent

16   on any "facts within [defendant]'s control" to be made aware of its service deficiency.  *Cf.*

17   *Blankenship*, 114 Wn. App. At 318.  On the contrary, both parties were equally apprised of the

18   Federal Rules of Civil Procedure requiring service of summons within 90 days.  *See* Fed. R. Civ.

19   P. 4(m).

20          Furthermore, the defendants in *Blankenship* and *Lybbert* sought discovery from the

21   plaintiff before raising the insufficient service issue.  In *Lybbert*, the defendant waited until after

22   the statute of limitations expired to respond to interrogatories designed to ascertain whether it

23   would assert an improper service defense.  *See* 141 Wn.2d at 42.  Likewise, in *Blankenship*, both

24

ORDER GRANTING DEFENDANT NAVISTAR'S
MOTION TO DISMISS - 6

parties propounded interrogatories and requests for production.  *See* 114 Wash. App. At 319.

Here, Plaintiff argues that Navistar "participated for four years in the MDL, answering discovery,

engaging in motion practice, participating in multiple conferences, and advising the MDL court

about this specific case in multiple status reports . . . ." Dkt. #60 at 5.  However, Plaintiff does not

dispute that Navistar never sought case-specific discovery from Plaintiff, nor visa versa.  Upon

transfer of the case from the MDL back to the Northern District of Texas, Navistar timely raised

both the personal jurisdiction and improper service defenses in accordance with the filing deadline

for responsive pleadings.  *See* Dkt. #29 at 56.  Based on these distinguishing facts, the Court

cannot conclude that Navistar's failure to apprise Plaintiff before or during the MDL proceedings

of its obligations to effect service on Navistar amounts to "dilatory" action constituting a waiver

of the defense.  Nor can the Court conclude that Navistar's actions amount to an attempt "to lie

in wait, making by misnomer its contention that service of process has been insufficient, and then

obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving

the plaintiff of the opportunity to cure the service defect." *Cf. Lybbert*, 141 Wash. 2d at 40.  Here,

there was no "lying in wait" or "misnomer" by Navistar—rather, Plaintiff neglected a key step in

case initiation by failing to request or serve summons.  That fault lies with Plaintiff, not Navistar.

Plaintiff also relies on two federal cases to support its argument that Navistar waived its

improper service defense: *Peterson v. Highland Music, Inc.,* 140 F.3d 1313, 1318 (9th Cir. 1998),

and *Datskow v. Teledyne, Inc., Cont'l Products Div.*, 899 F.2d 1298 (2d Cir. 1990).  Plaintiff

appears to rely on *Peterson* for its holding that "most defenses, including the defense of lack of

personal jurisdiction, may be waived as a result of the course of a conduct pursued by a party

during litigation." *Peterson*, 140 F.3d at 1319.  However, the Ninth Circuit in that case ultimately

concluded that the defendant preserved the issue for appeal by raising it in a timely motion to

1   dismiss.  *Id.*  To the extent that Plaintiff argues that Navistar's participation in the MDL amounts

2   to "sandbagging" or "deliberate, strategic behavior" that would constitute a waiver of the

3   improper service defense, *id.* at 1318, it fails to provide any support for its proposition.  Navistar

4   was under no obligation to inform Plaintiff's counsel of its service obligations under Rule 4(m),

5   and the Court declines to find that Navistar's failure to inform Plaintiff of that obligation during

6   the MDL amounts to behavior warranting waiver.

7         *Datskow* is likewise distinguishable from the facts at issue here.  In that case, the Second

8   Circuit considered a defendant's improper service defense raised in its first responsive pleading,

9   where the defendant previously attended a scheduling conference and "participated in scheduling

10  discovery and motion practice" without raising the issue of defective service.  *Datskow,* 899 F.2d

11  at 1303.  The court concluded that the defendant was barred from raising improper service given

12  that the limitations period had not run at the time of the scheduling conference, and "it would

13  have been simple of plaintiffs to have made personal service on the defendant if the point had

14  been mentioned."  *Id.*  Yet the service deficiency at issue in *Datskow* was the fact that plaintiff

15  had served holding company "Teledyne, Inc." rather than its subsidiary, "Teledyne Industries,

16  Inc." *Id.* at 1300–01.  Acknowledging that "the Teledyne family of companies . . . operate under

17  confusingly similar names," the Second Circuit concluded that defendant's service defense

18  challenged "the form of the service," and defendant had waived such a defense based on its

19  participation in the case.  *Id.* at 1303–04.  These facts are distinguishable from the present case,

20  where Plaintiff failed to make any effort to serve Navistar because of "inadvertence of counsel."

21  Dkt. #60 at 7.

22  //

23  //

24

ORDER GRANTING DEFENDANT NAVISTAR'S
MOTION TO DISMISS - 8

1    For these reasons, the Court finds that none of the cases relied upon by Plaintiff support

2    its argument that Navistar waived its improper service defense by failing to apprise Plaintiff of

3    its service obligations during the MDL.

4    **C. Extension of Time to Serve**

5    Having concluded that Navistar did not waive its improper service defense, the Court turns

6    to Plaintiff's alternative argument: a request for an extension of the deadline to serve Navistar.

7    Dkt. #60 at 7-10.  Citing this Court's broad discretion to grant an extension of time, Plaintiff urges

8    this Court to extend the 90-day deadline—at this point by more than 1600 days—on the basis that

9    Navistar will not be prejudiced by an extension whereas Plaintiff may be barred from re-filing the

10   case due to the statute of limitations.  The Court does not dispute that a plaintiff "is greatly

11   prejudiced when the statute of limitations would prevent re-filing of the action." *Wickersham v.*

12   *Washington*, C13-1778-JCC, 2014 WL 3846094, at *3 (W.D. Wash. Aug. 5, 2014).  Yet a court's

13   discretion to extend the time for service under Rule 4(m) "is not limitless."  *Walker v. City of*

14   *Renton*, No. C11-2114 RAJ, 2013 WL 2285958, at *1 (W.D. Wash. May 23, 2013).   In

15   considering whether an extension is warranted in the absence of good cause, courts in the Ninth

16   Circuit have considered several factors: the delay in service, eventual service, the explanation for

17   the delay, whether the defendant attempted to evade service or contributed to the delay, whether

18   the defendant would be prejudiced, a statute of limitations bar, and actual notice of the lawsuit.

19   *Id.*; *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

20   Only two factors weigh in favor of granting an extension of Plaintiff's time to serve:

21   Navistar's actual notice of the lawsuit and the possibility that the statute of limitations may bar

22   Plaintiff from re-filing the action.[1]  The remaining factors weigh against an extension of time.  At

23

24   [1] Plaintiff does not concede that it would be barred from re-filing its claim.  *See* Dkt. #60 at 10, n.2.

ORDER GRANTING DEFENDANT NAVISTAR'S
MOTION TO DISMISS - 9

1    this point, the delay in service is several years past the deadline since Plaintiff has yet to serve

2    Navistar.  Plaintiff's explanation for the delay is also exceptionally weak.  Plaintiff concedes that

3    its failure to request summons, let alone serve the complaint, is due to counsel's inadvertence.

4    Parties agree that Navistar neither attempted to evade service nor contributed to the delay.

5    Furthermore, while Plaintiff argues that Navistar has suffered no prejudice due to its failure to

6    serve, the Court disagrees.  This case has been pending for more than five years, at which point

7    evidence has grown stale and witnesses' memories have faded.  While much of the delay was

8    caused by the case's transfer and remand from the MDL, additional delay following remand was

9    due, in part, to Plaintiff's service deficiency, which led the Northern District of Texas district

10   court to transfer the case rather than address Navistar's arguments for dismissal.  *See* Dkt. #35 at

11   8.  With no further explanation for this deficiency beyond counsel's "inadvertence," the Court is

12   not compelled to exercise its discretion and grant Plaintiff relief in this instance.

13        Finally, regarding the statute of limitations issue, Washington courts have strictly applied

14   RCW 4.16.170 such that failure to serve the defendant within 90 days warrants dismissal of the

15   action—notwithstanding expiration of the limitations period.  *See, e.g.*, *Giddings v. Greyhound*

16   *Lines, Inc.*, No. C11-1484-RSM, 2013 WL 4458239 (W.D. Wash. Aug. 16, 2013) *rev'd on other*

17   *grounds* 609 Fed. Appx. 457 (9th Cir. 2015) (finding insufficient evidence of plaintiff's alleged

18   mental disability to support equitable tolling argument); *McCarthy*, 2012 WL 10390 at *2

19   (dismissing claims as time-barred where defendants failed to return waivers of service and

20   plaintiff provided no authority that defendants were required to return such waivers); *Whibdee v.*

21   *Pierce Cnty.*, 857 F.3d 1019, 1021 (9th Cir. 2017) ("Washington courts require strict compliance

22   with the state's service of process requirements.").  Plaintiff argues that *McCarthy* is inapplicable

23   here, given that the defendant in that case filed a notice of appearance, reserved "all rights

24

ORDER GRANTING DEFENDANT NAVISTAR'S
MOTION TO DISMISS - 10

1  including those relating to service," and promptly moved for summary judgment for failure to

2  serve.  *See* 2012 WL 10390, at *1.  The Court disagrees.  This case bears more similarity to

3  *McCarthy* than *Blankenship* and *Lybbert*, given that Navistar promptly raised the service issue as

4  required by the MDL court's scheduling order setting the deadline for responsive pleadings.  *See*

5  Dkt. #29 at 56.  While Plaintiff insists that Navistar's failure to raise the service issue earlier

6  amounts to gamesmanship, it provides no support for its proposition.  Accordingly, the Court

7  finds that the factors weigh against granting Plaintiff an extension of time to effect service.

8          For the foregoing reasons, the Court concludes that Navistar did not waive its improper

9  service defense through its participation in the MDL.  Nor is an extension of Plaintiff's time to

10 serve Navistar sufficiently justified.  Accordingly, under Washington law, the three-year and four-

11 year statute of limitations periods for Plaintiff's claims were not tolled for the pendency of this

12 action.  Plaintiff's claims are therefore dismissed as time-barred.  *McCarthy*, 2012 WL 10390, at

13 *2.

14                          **IV.    CONCLUSION**

15         Having reviewed Defendant's Motion, Plaintiff's Response, Defendant's Reply, and the

16 remainder of the record, it is hereby ORDERED that Defendant's Motion to Dismiss, Dkt. #50,

17 is GRANTED.  This matter is CLOSED.

18

19         DATED this 7th day of September, 2021.

20

21

22                          RICARDO S. MARTINEZ
                            CHIEF UNITED STATES DISTRICT JUDGE

23

24
ORDER GRANTING DEFENDANT NAVISTAR'S
MOTION TO DISMISS - 11