UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT'S TRUCKING, LLC,

                                    Plaintiff,

              v.

NAVISTAR, INC.,

                                    Defendant.

Case No. C20-1841-RSM

ORDER DENYING MOTION TO ALTER
OR AMEND JUDGMENT

This matter comes before the Court on Plaintiff Scott's Trucking, LLC ("Scott Trucking")'s Motion to Alter or Amend Judgment. Dkt. #64. Plaintiff moves the Court pursuant to Rule 59(e) to alter or amend the Court's prior judgment dismissing this case "to correct a clear error and prevent manifest injustice." *Id.* at 1. On September 7, 2021, the Court dismissed Plaintiffs claims against Defendant Navistar, Inc. ("Navistar") as time-barred, finding that the applicable statute of limitations periods were not tolled for the pendency of the action because (1) Navistar did not waive its improper service defense through its participation the multidistrict litigation ("MDL") in which this action was once a member case, and (2) an extension of Plaintiff's time to Navistar was not sufficiently justified. Dkt. #62. Plaintiff argues, as it did in its Response to Navistar's Renewed Motion to Dismiss, that Navistar waived its failure to serve argument by participating in the MDL for more than four years without raising the service issue and that the court improperly distinguished this case from *Blankenship v. Kaldor*, 114 Wn.App.

ORDER - 1

312, 57 P.3d 295 (2002), and *Lybbert v. Grant County*, 141 Wn.2d 29, 1 P.3d 1124 (2000).  Dkt. #64 at 2–3.

A district court has considerable discretion when considering a motion to alter or amend a judgment under Rule 59(e).  *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).  A motion for relief from judgment under Rule 59(e) should be granted when the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted).  Vacating a prior judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Here, Plaintiff does not offer newly discovered evidence or argue that there has been an intervening change in controlling law.  Instead, it argues manifest error.  Plaintiff essentially repeats the same arguments.  *Compare* Dkt. #64 at 2–3, *with* Dkt. #60 at 3–7.  Although the Court prefers to rule on the merits of cases rather than procedure, the outcome here is not manifestly unjust given the reasons set forth in its previous order.  *See* Dkt. #62 at 5–9.  Accordingly, relief under Rule 59(e) is not warranted.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Alter or Amend Judgment, Dkt. #64, is DENIED.

DATED this 27th day of January, 2023.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER - 3